















R1R   8/1/06    9:15

3:06-CV-01519   HOLGREN V. PATENAUDE & FELIX

*1*

*CMP.*

1    Joshua B. Swigart, Esq. (SBN: 225557)
     josh@westcoastlitigation.com
2    Robert L. Hyde, Esq. (SBN: 227183)
     bob@westcoastlitigation.com
3    **Hyde & Swigart**
     411 Camino Del Rio South, Suite 301
4    San Diego, CA 92108-3551
     Telephone: (619) 233-7770
5    Facsimile:  (619) 330-4657

6    Attorneys for Plaintiff
     Marlis Holgren

2006 JUL 27 PM 2: 55

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARLIS HOLGREN, | Case No. 06 CV 1519 H    NLS |
|---|---|
| PLAINTIFF, | |
| | **COMPLAINT FOR DAMAGES** |
| v. | **JURY TRIAL DEMANDED** |
| PATENAUDE & FELIX, A.P.C., | |
| DEFENDANT. | |

ORIGINAL

## INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

---

[1] 15 U.S.C. §§ 1692(a)-(e)

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. MARLIS HOLGREN, (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of PATENAUDE & FELIX, A.P.C., (hereinafter "Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendants named in this caption.

### JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

7. Because Defendant does business within the State of California, personal jurisdiction is established.

---

[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

8.   Venue is proper pursuant to 28 U.S.C. § 1391.

PARTIES

9.   Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11.  Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of San Diego, County of San Diego, State of California.

12.  Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.  Plaintiff is informed and believes, and thereon alleges, that Defendant is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

14.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

17. Sometime before August 22, 2005, Plaintiff allegedly incurred financial obligations to DIRECT MERCHANT'S CREDIT CARD that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before August 22, 2005, Plaintiff fell behind in the payments allegedly owed on the alleged debt.

20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before August 22, 2005, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about August 22, 2005, Defendant sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home and in the name of Defendant. (See attached Plaintiff's Exhibit 1.)

22. This letter to Plaintiff, sent by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

//

//

23. Defendant failed within five days after this initial communication with Plaintiff, to provide written notification containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, and failed within five days after the initial communication with Plaintiff to provide a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and that the debt collector will provide the consumer with the name and address of the original creditor, thereby violating 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g. Because of this omission, Defendant also violated Cal. Civ. Code § 1788.17.

24. On or about September 22, 2005, Plaintiff sent a letter to Defendant in which Plaintiff disputed the validity the debt in a manner consistent with the requirements in 15 U.S.C. § 1692g(b). (See Plaintiff's Exhibit 2).

25. On or about September 27, 2005, Defendant sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home, and in the name of Defendant. (See Plaintiff's Exhibit 3).

26. By sending this communication, and demand for payment, before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g. Because Defendant violated 15 U.S.C. § 1692g, Defendant violated Cal. Civ. Code § 1788.17.

27. Sometime before October 17, 2005, Plaintiff allegedly incurred financial obligations to TARGET NATIONAL BANK that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is

1    defined by California Civil Code §1788.2(d), and a "consumer debt" as that

2    term is defined by California Civil Code §1788.2(f).

3  28. These financial obligations were primarily for personal, family or household

4    purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C.

5    §1692a(5).

6  29. Sometime thereafter, but before October 17, 2005, Plaintiff fell behind in the

7    payments allegedly owed on the alleged debt.

8  30. Plaintiff is informed and believes, and thereon alleges, that subsequently, but

9    before October 17, 2005, the alleged debt was assigned, placed, or otherwise

10   transferred, to Defendant for collection.

11 31. On or about October 17, 2005, Defendant sent, and Plaintiff received, a

12   dunning letter addressed to Plaintiff's home and in the name of Defendant.

13   (See attached Plaintiff's Exhibit 4.)

14 32. This letter to Plaintiff, sent by Defendant, was a "communication" as that term

15   is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined

16   by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with

17   15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

18 33. Defendant failed within five days after this initial communication with

19   Plaintiff, to provide written notification containing a statement that unless the

20   consumer, within thirty days after receipt of the notice, disputes the validity of

21   the debt, or any portion thereof, the debt will be assumed to be valid by the

22   debt collector, and failed within five days after the initial communication with

23   Plaintiff to provide a written notice containing a statement that if the

24   consumer notifies the debt collector in writing within the thirty-day period

25   that the debt, or any portion thereof, is disputed, the debt collector will obtain

26   verification of the debt or a copy of a judgment against the consumer and a

27   copy of such verification or judgment will be mailed to the consumer by the

28   debt collector, and that the debt collector will provide the consumer with the

1   name and address of the original creditor, thereby violating 15 U.S.C. §§
2   1692e, 1692e(10), 1692f, and 1692g.  Because of this omission, Defendant
3   also violated Cal. Civ. Code § 1788.17.

4   34.  Sometime before March 1, 2006, Plaintiff allegedly incurred financial
5        obligations to HSBC BANK NEVADA, N.A. that were money, property, or
6        their equivalent, which is due or owing, or alleged to be due or owing, from a
7        natural person to another person and were therefore "debt(s)" as that term is
8        defined by California Civil Code §1788.2(d), and a "consumer debt" as that
9        term is defined by California Civil Code §1788.2(f).

10  35.  These financial obligations were primarily for personal, family or household
11       purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C.
12       §1692a(5).

13  36.  Sometime thereafter, but before March 1, 2006, Plaintiff fell behind in the
14       payments allegedly owed on the alleged debt.

15  37.  Plaintiff is informed and believes, and thereon alleges, that subsequently, but
16       before March 1, 2006, the alleged debt was assigned, placed, or otherwise
17       transferred, to Defendant for collection.

18  38.  On or about March 1, 2006, Defendant sent, and Plaintiff received, a dunning
19       letter addressed to Plaintiff's home and in the name of Defendant.   (See
20       attached Plaintiff's Exhibit 5.)

21  39.  This letter to Plaintiff, sent by Defendant, was a "communication" as that term
22       is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined
23       by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with
24       15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

25  40.  Defendant failed within five days after this initial communication with
26       Plaintiff, to provide written notification containing a statement that unless the
27       consumer, within thirty days after receipt of the notice, disputes the validity of
28       the debt, or any portion thereof, the debt will be assumed to be valid by the

1   debt collector, and failed within five days after the initial communication with

2   Plaintiff to provide a written notice containing a statement that if the

3   consumer notifies the debt collector in writing within the thirty-day period

4   that the debt, or any portion thereof, is disputed, the debt collector will obtain

5   verification of the debt or a copy of a judgment against the consumer and a

6   copy of such verification or judgment will be mailed to the consumer by the

7   debt collector, and that the debt collector will provide the consumer with the

8   name and address of the original creditor, thereby violating 15 U.S.C. §§

9   1692e, 1692e(10), 1692f, and 1692g. Because of this omission, Defendant

10   also violated Cal. Civ. Code § 1788.17.

11                 CAUSES OF ACTION CLAIMED BY PLAINTIFF

12                             COUNT I

13        VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

14                    15 U.S.C. § 1692 ET SEQ.

15  41. Plaintiff incorporates by reference all of the above paragraphs of this

16      Complaint as though fully stated herein.

17  42. The foregoing acts and omissions constitute numerous and multiple violations

18      of the FDCPA, including but not limited to each and every one of the above-

19      cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

20  43. As a result of each and every violation of the FDCPA, Plaintiff is entitled to

21      any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

22      an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

23      reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

24      each Defendant.

25   //

26   //

27   //

28   //

**COUNT II**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)**

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

46. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

**FAIR DEBT COLLECTION PRACTICES ACT**

- an award of statutory damages of $3,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

- an award of statutory damages of $3,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

//

//

//

//

1

**TRIAL BY JURY**

2   47.   Pursuant to the seventh amendment to the Constitution of the United States of

3          America, Plaintiff is entitled to, and demands, a trial by jury.

4

5   Dated: 7/26/06

Respectfully submitted,
**HYDE & SWIGART**

By: _____
Joshua B. Swigart, Esq.
Attorney for Plaintiff

# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

| | | |
|---|---|---|
| [X] 4545 MURPHY CANYON RD, 3RD FL | [ ] 213 EAST MAIN STREET | [ ] 1771 EAST FLAMINGO RD, STE. 112A |
| SAN DIEGO, CALIFORNIA 92123 | CARNEGIE, PENNSYLVANIA 15106 | LAS VEGAS, NEVADA 89119 |
| TEL (858) 244-7600  (800) 832-7675 | TEL (412) 429-7675 (866) 772-7675 | TEL (702) 952-2032 (800) 867-3092 |
| FAX (858) 836-0318 | FAX (412) 429-7679 | FAX (702) 992-6286 |

08/22/05

52615

MARLIS HOLGREN
7780 PARKWAY DR
APT 203
LA MESA, CA 919422005

RE:    DIRECT MERCHANTS CREDIT CARD BANK
     Balance Due:      $1,425.50
     Account Number:   5458001619589744
     Our File Number:  978.768

Dear MARLIS HOLGREN:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed.  If you wish to eliminate further legal action, please contact us at (858) 244-7600 or out of the 858 area code (800) 832-7675.

Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very Truly Yours,

Raymond A. Patenaude, ESQ.

PLAINTIFF'S EXHIBIT:

I

HYDE & SWIGART
(619) 233-7770

THIS COMMUNICATION IS FROM A DEBT COLLECTOR
**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

| | | |
|---|---|---|
| [X] 4545 MURPHY CANYON RD, 3RD FL<br>SAN DIEGO, CALIFORNIA 92123<br>TEL (858) 244-7600 (800) 832-7675<br>FAX (858) 836-0318 | [ ] 213 EAST MAIN STREET<br>CARNEGIE, PENNSYLVANIA 15106<br>TEL (412) 429-7675 (866) 772-7675<br>FAX (412) 429-7679 | [ ] 1771 EAST FLAMINGO RD, STE. 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 952-2032 (800) 867-3092<br>FAX (702) 992-6286 |

08/22/05

52615

MARLIS HOLGREN
7780 PARKWAY DR
APT 203
LA MESA, CA 919422005

*I dispute this 9-22-05 Marlis Holgren* (handwritten)

RE:   DIRECT MERCHANTS CREDIT CARD BANK
   Balance Due:        $1,425.50
   Account Number:   5458001619589744
   Our File Number:   978.768

Dear MARLIS HOLGREN:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed. If you wish to eliminate further legal action, please contact us at (858) 244-7600 or out of the 858 area code (800) 832-7675.

Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very Truly Yours,

Raymond A. Patenaude, ESQ.

PLAINTIFF'S EXHIBIT:
**2**
*HYDE & SWIGART*
*(619) 233-7770*

### THIS COMMUNICATION IS FROM A DEBT COLLECTOR
#### SEE REVERSE SIDE FOR IMPORTANT INFORMATION

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X        ☐ Agent
           ☐ Address

B. Received by ( Printed Name )    C. Date of Delivery
                            09-23

1. Article Addressed to:

*A.P.C.*
*Palemande & Felix*
*4545 Murphy Canyon*
*Road, 3rd fl*
*San Diego CA 92123*

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

2 3 SEP 2005

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7005 1820 0001 4215 0851

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE
SAN DIEGO CA 92123

| | |
|---|---|
| Postage | $ $0.37 |
| Certified Fee | $2.30 |
| Return Receipt Fee (Endorsement Required) | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $4.42 |

Postmark Here   09/22/2005

Sent To *Palemande & Felix APC*   3rd

Street, Apt. No.; or PO Box No. *4545 Murphy Canyon Rd*

City, State, ZIP+4 *San Diego, CA 92123*

PS Form 3800, June 2002    See Reverse for Instruction

7005 1820 0001 4215 0851

*LAW OFFICES OF*

# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

| | | |
|---|---|---|
| [X] 4545 MURPHY CANYON RD, 3RD FL | [ ] 213 EAST MAIN STREET | [ ] 1771 EAST FLAMINGO RD, STE. 112A |
| SAN DIEGO, CALIFORNIA 92123 | CARNEGIE, PENNSYLVANIA 15106 | LAS VEGAS, NEVADA 89119 |
| TEL (858) 244-7600 (800) 832-7675 | TEL (412) 429-7675 (866) 772-7675 | TEL (702) 952-2032 (800) 867-3092 |
| FAX (858) 836-0318 | FAX (412) 429-7679 | FAX (702) 992-6286 |

09/27/05

81313
**MARLIS HOLGREN**
**7780 PARKWAY DR**
**APT 203**
**LA MESA, CA 919422005**

RE:  Our Client:  DIRECT MERCHANTS CREDIT CARD BANK
  Balance Due:  $1,530.07
  Our File No.:  978.768
  Account No.:  5458001619589744

Dear MARLIS HOLGREN:

We have been unable to reach you telephonically to advise you of a recent limited settlement program that has been initiated by our client regarding your outstanding balance.

For a brief period, our client has authorized this office to discount a substantial portion of your obligation. Please call as soon as possible to get specific details. Upon receipt of the settlement proceeds, the account will be considered settled in full and no more sums will be due and payable.

Please contact our office immediately at our toll free number to advise of your intentions. If you should choose to correspond with us in writing, please be sure to include your telephone number. If you should have any further questions and/or comments, please do not hesitate to call.
Very truly yours,

LAW OFFICE OF PATENAUDE & FELIX

By:  David T. Genz
Operations Manager

**PLAINTIFF'S EXHIBIT:**
**3**
*HYDE & SWIGART*
*(619) 233-7770*

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

| | | |
|---|---|---|
| [X] 4545 MURPHY CANYON RD, 3RD FL<br>SAN DIEGO, CALIFORNIA 92123<br>TEL (858) 244-7600  (800) 832-7675<br>FAX (858) 836-0318 | [ ] 213 EAST MAIN STREET<br>CARNEGIE, PENNSYLVANIA 15106<br>TEL (412) 429-7675  (866) 772-7675<br>FAX (412) 429-7679 | [ ] 1771 EAST FLAMINGO RD, STE. 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 952-2032 (800) 867-3092<br>FAX (702) 992-6286 |

10/17/05

97791

MARLIS M HOLGREN
7780 PARKWAY DR APT 203
LA MESA, CA 919422005


RE:   TARGET NATIONAL BANK
      Balance Due:        $2,692.79
      Account Number:    4352373387267005
      Our File Number:   2051.1084

Dear MARLIS M HOLGREN:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed.  If you wish to eliminate further legal action, please contact us at (858) 244-7600 or out of the 858 area code (800) 832-7675.

Unless you notify us within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office within THIRTY (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.


Very Truly Yours,


Raymond A. Patenaude, ESQ.

PLAINTIFF'S EXHIBIT:
**4**
HYDE & SWIGART
(619) 233-7770

THIS COMMUNICATION IS FROM A DEBT COLLECTOR
SEE REVERSE SIDE FOR IMPORTANT INFORMATION

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

[X] PLEASE REPLY TO OFFICE INDICATED

| [X] 4545 MURPHY CANYON RD, 3RD FL<br>SAN DIEGO, CALIFORNIA 92123<br>TEL (858) 244-7600  (800) 832-7675<br>FAX (858) 836-0318 | [ ] 213 EAST MAIN STREET<br>CARNEGIE, PENNSYLVANIA 15106<br>TEL (412) 429-7675  (866) 772-7675<br>FAX (412) 429-7679 | [ ] 1771 EAST FLAMINGO RD. STE. 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 952-2032 (800) 867-3092<br>FAX (702) 992-6286 |

*132140-M1210*

03/01/06

MARLIS HOLGREN
7780 PARKWAY DR
APT 203
LA MESA, CA 919422005


RE:  Our Client:    HSBC BANK NEVADA, N.A.
        Balance Due:    $1,765.51
        Our File No.:    978.768
        Account No.:    5458001619589744

Dear MARLIS HOLGREN:

We have been unable to reach you telephonically to advise you of a recent limited settlement program
that has been initiated by our client regarding your outstanding balance.

For a brief period, our client has authorized this office to discount a substantial portion of your
obligation.  Please call as soon as possible to get specific details.  Upon receipt of the settlement
proceeds, the account will be considered settled in full and no more sums will be due and payable.

Please contact our office immediately at our toll free number to advise of your intentions.  If you should
choose to correspond with us in writing, please be sure to include your telephone number.   If you
should have any further questions and/or comments, please do not hesitate to call.
Very truly yours,

LAW OFFICE OF PATENAUDE & FELIX



By:  David T. Genz
Operations Manager




PLAINTIFF'S EXHIBIT:

**5**

*HYDE & SWIGART*
(619) 233-7770



**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This Form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Marlis Holgren | Patenaude & Felix, A.P.C. |

2006 JUL 27 PM 2: 55

| (b) COUNTY OF RESIDENCE OF FIRST LISTED     San Diego <br> PLAINTIFF <br> (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT     San Diego <br> (IN U.S. PLAINTIFF CASES ONLY) <br><br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) <br> Joshua B. Swigart <br> 411 Camino Del Rio South <br> Suite 301 <br> San Diego, CA 92108 | ATTORNEYS (IF KNOWN) <br> Unknown <br><br> '06 CV 1519 H      NLS |

## II. BASIS OF JURISDICTION (PLACE AN x IN BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)          FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788 et seq

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck <br> ☐ 650 Airline Regs | ☐ 840 Trademark <br> **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ 50000 | Check YES only if demanded in complaint: <br> JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**     JUDGE _____     Docket Number _____

DATE 7/26/06                    SIGNATURE OF ATTORNEY OF RECORD

#127593   $350   KO   7/27/06

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

ORIGINAL